IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DEBORAH L. STANDISH, | ) | |
| Plaintiff, | ) | Civ. No. 06-6240-TC |
| vs. | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Coffin, Magistrate Judge:

    Plaintiff, Deborah L. Standish, brings this action for judicial review of a final decision of the Commissioner of Social Security (Commissioner) pursuant to 42 U.S.C. § 405(g). The Commissioner denied her claim for Supplemental Security Income (SSI) benefits. For the reasons set forth below, the court recommends that the decision of the Commissioner be affirmed.

///
///
///
///
///
///
///

1 Findings and Recommendation

**PROCEDURAL BACKGROUND**

Standish applied for SSI benefits on January 31, 2003, alleging disability since May 25, 2000 due to degenerative disc disease.[1] (Tr. 59-61, 68, 113.) Her application was denied initially and upon reconsideration. (26-30, 35-37.) A hearing was held before Administrative Law Judge (ALJ) Catherine R. Lazuran on March 29, 2005. (Tr. 336-367.) In a decision dated June 22, 2005, the ALJ found that Standish was not entitled to benefits. (Tr. 11-23.) The Appeals Council denied Standish's request for review on September 12, 2006, making the ALJ's decision the Commissioner's final decision. (Tr. 5-7.) Standish filed a timely action seeking judicial review in this court.

**STANDARDS**

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The initial burden of proof rests upon the claimant to establish his or her disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are

---

[1] At her hearing, Standish testified that she was unable to work because she "can't stand or walk long enough and [she] gets very, very agitated, anxiety like attacks, very nervous, very easily." (Tr. 435.)

2 Findings and Recommendation

supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, if "the evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

## DISABILITY ANALYSIS

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. At steps one through four, the burden of proof is on the claimant. Tackett v. Apfel, 180 F.3d 1094, 1098-1099 (9th Cir. 1999). At step five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. Id. Below is a summary of the five steps, which also are described in Tackett:

Step One. The Commissioner determines whether claimant is engaged in substantial gainful activity. If so, claimant is not disabled. If claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate claimant's case under step two. 20 C.F.R. §§ 404.1520(b), 416.920(b). In this case, the ALJ found that Standish was not engaged in substantial

///

3 Findings and Recommendation

gainful activity at any time relevant to the decision. This is not disputed.

Step Two. The Commissioner determines whether claimant has one or more severe impairments. If not, claimant is not disabled. If claimant has a severe impairment, the Commissioner proceeds to evaluate claimant's case under step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). At step two, the ALJ found that Standish's severe impairments were: alcoholism and drug addiction; degenerative disc disease of the lumbar spine; cervical spinal stenosis; hepatitis C; history of shoulder injury; and mild left ulnar neuropathy. (Tr. 21.) This finding is disputed; Standish argues that the ALJ failed to consider or evaluate all of her severe impairments.

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether claimant's impairment "meets or equals" one of the impairments listed in the Social Security Administration ("SSA") regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, claimant is disabled. If claimant's impairment does not meet or equal one listed in the regulations, the Commissioner's evaluation of claimant's case proceeds under step four. 20 C.F.R. §§ 404.1520(d), 416.920(d). At step three, the ALJ found that Standish's severe impairments did not meet or medically equal one of the listed impairments. (Tr. 21.) Standish does not dispute this finding. At this step, the ALJ made the following residual functional capacity (RFC) finding: Stanish could lift 10 pounds at a time and ten pounds frequently and occasionally; stand and walk 20 minutes at a time and 2 hours out of an 8 hour day; sit

4 Findings and Recommendation

30 minutes at a time and 6 hours of an 8 hour day, requiring an option to sit or stand; occasionally push or pull, kneel, stoop, crouch, and crawl, precluding ladder rope or scaffolding climbing, as well as overhead reaching with the left non-dominant extremity or reaching with the right upper extremity; and mild difficulty using the left upper extremity for fine manipulation such as keyboarding; and mild difficulty with social functioning and concentration, persistence and pace. (Tr. 19, 22.) Standish implicitly disputes this finding.

Step Four. The Commissioner determines whether claimant is able to perform work he or she has done in the past. If so, claimant is not disabled. If claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of claimant's case proceeds under step five. 20 C.F.R. §§ 404.1520(e), 416.920(e). In this case, the ALJ determined that Standish was not able to return to her past work. (Tr. 22.) This finding is not disputed.

Step Five. The Commissioner determines whether claimant is able to do any other work. If not, claimant is disabled. If the Commissioner finds claimant is able to do other work, the Commissioner must show a significant number of jobs exist in the national economy that claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates a significant number of jobs exist in the national economy that claimant can do, claimant is not disabled. If the Commissioner does not meet this burden, claimant is disabled. 20

5 Findings and Recommendation

C.F.R. §§ 404.1520(f)(1), 416.920(f)(1). Here, the ALJ concluded that Standish was not under a disability as defined in the Social Security Act. (Tr. 22.) This finding is disputed.

## FACTUAL BACKGROUND

Standish was 46 at the time of her administrative hearing. (Tr. 426.) She has a high school education and no vocational training. (Tr. 428.) She was last employed in September 2000 as a live-in care giver. (Tr. 428.) Standish had work experience as a home attendant/care-giver, window assembler, and cleaner. (Tr. 478.)

The medical records in this case accurately set out Standish's medical history as it relates to her claim for SSI. The court has carefully reviewed the medical records, and the parties are familiar with the record. Accordingly, the details of the medical records will be set forth below only as they are relevant to the issues before the court.

## DISCUSSION

Standish contends that the ALJ erred by: (1) failing to consider or evaluate all of her severe impairments at step two; (2) failing to properly assess her functional limitations for each of her severe limitations; (3) improperly relying on vocational expert (VE) testimony establishing her ability to perform other work in the national economy and; (4) failing to properly consider lay witness testimony

///
///
///
///

6 Findings and Recommendation

I. Failure to Properly Evaluate Impairments At Step Two

Standish contends that the ALJ erred by failing to consider or evaluate her depression, anxiety and/or fatigue in the step-two analysis.

The second step of the five-step evaluation process, the "severity step," weeds out claimants with minor problems, making them ineligible for benefits. Bowen v. Yuckert, 482 U.S. 137, 153-54 (1987). To satisfy step-two's requirement of a severe impairment, the claimant must prove the physical or mental impairment by providing evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. §§ 404.1508, 416.908. An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect of an individual's ability to work." Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988).

A comprehensive mental health assessment from May 2001 noted Standish's alcohol and drug abuse, diagnosed her with schizo-affective disorder and drug and alcohol addictions. (Tr. 323.) Treatment notes indicated that Standish denied depression. (Tr. 322.) Standish was given a prescription for anxiety medication after the May 2001 visit. (Tr. 323.) Emergency room records from September 2004 indicate that Standish "[had] once again been using methamphetamine and [had] become very anxious." (Tr. 395.) The use of drugs made Standish increasingly agitated. (Tr. 396.) Standish's treating physician, Roy E. Hall, M.D. noted in October 19, 2004 that her "history of present illness" was extreme

7 Findings and Recommendation

anxiety, drug and alcohol abuse." (Tr. 331.) Treatment notes from January 2005 indicate that Standish saw Dr. Hall and her chief complaint was "follow-up for anxiety, which is chronic in nature." (Tr. 328.) A February 10, 2005 treatment note indicates that Standish saw Dr. Hall for complaints concerning "her anxiety, depression associated with alcoholism." (Tr. 327.)

At the onset, the court notes that the Commissioner correctly points out that fatigue is a symptom, not an impairment. SSR 96-7p; 1996 WL 374186. Accordingly, the court considers whether the ALJ correctly considered or evaluated Standish's depression and anxiety.

Under the circumstances of this case, the court finds that the ALJ did not commit reversible error by failing to consider or evaluate Standish's complaints of depression and anxiety. In her decision, the ALJ acknowledged that there were references to anxiety and depression in Standish's treatment records. (Tr. 16-17.) The ALJ considered these references, but noted that most of the records indicated that Standish had a drug abuse problem, which caused anxiety; however, Standish was never diagnosed with an anxiety disorder. (Tr. 17.) The ALJ noted Standish had been diagnosed with schizo-affective disorder by a nurse practitioner, but that no psychologist or psychiatrist had diagnosed this disorder. (Tr. 17.) Most references to anxiety in the medical record are subjective reports of anxiety by Standish, not diagnoses of anxiety by medical personnel; physician's notes concerning anxiety are mostly related to drug use. In short, the
///
///

8 Findings and Recommendation

ALJ's finding that Standish did not have a medically determinable severe anxiety disorder is supported by substantial evidence in the record and should be affirmed.

II. <u>Failure To Consider Functional Limitations</u>

Standish contends that the ALJ erred by failing to consider functional limitations not considered severe-her depression, anxiety and/or fatigue, in her RFC determination. Standish also argues that the ALJ's decision is internally inconsistent because she failed to provide functional limitations for each of Standish's severe impairments.

In her RFC determination, the ALJ noted that Standish testified that she had problems with anxiety, sleeps 12 hours, lies down all day long, is tired all of the time due to hepatitis C, and stays in bed 25 days a month due to fatigue. (Tr. 17-18.) The ALJ found that Standish's testimony concerning her fatigue and staying in bed for extended periods of time was not consistent with the daily activities to which she testified.[2] (Tr. 18.) However, the ALJ still considered plaintiff's fatigue when she determined her RFC, stating: "in light of the claimant's complaints of pain and fatigue, the undersigned finds she can stand and walk 2 hours out of an 8 hour day...." (Tr. 19.) The court finds that Standish's contention that the ALJ erred by failing to consider her depression, anxiety and/or fatigue is without merit.

Standish's contention that the ALJ failed to provide functional limitations "related to her alcohol use, drug use, or

---

[2]Standish has not challenged the ALJ's credibility finding.

9 Findings and Recommendation

Hepatitis C" is similarly without merit. The ALJ specifically found that Standish's "neuropathy, degenerative disc disease, and hepatitis C result in lifting, standing, walking and sitting limitations described" in her RFC determination. (Tr. 19.) The ALJ considered that Standish's alcohol and drug abuse resulted in "some mental limitations." (Tr. 19.) The ALJ noted "mild difficulties in social functioning and mild difficulties in maintaining concentration, persistence or pace." (Tr. 20.) The court finds that the RFC determination contains all of Standish's functional limitations and is supported by substantial evidence. Thus, the court recommends that the RFC determination be affirmed.

### III. Improper Reliance On Vocational Expert Testimony

Standish contends that the VE deviated from the Dictionary of Occupational Titles's (DOT)[3] definition of job classifications. She asserts that this prejudiced her and that it was reversible error for the ALJ to rely on the expert's opinion in determining that Standish can perform jobs in the national economy.

The ALJ directed the VE to assume that Standish was limited to sedentary work and had the following exertional limitations: lift 20 pounds occasionally and 10 pounds frequently, can stand and walk about six of eight hours and sit about six of eight hours, can occasionally climb ladders, ropes or scaffolds, can occasionally stoop, kneel, crouch, and crawl, and should not do

---

[3] The DOT is the Commissioner's primary source of reliable job information. Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990). One purpose of the DOT is to classify identified job titles by their exertional and skill requirements. Id.

10 Findings and Recommendation

overhead reaching with the left upper extremity or constant reaching with the right upper extremity, and needs an option to sit 30 minutes at a time and stand 20 minutes at a time. (Tr. 479-481.) The VE testified that Standish could not perform her former relevant work, but could work as a surveillance system monitor or telemarketer. (Tr. 481.)

DOT's classifications do not classify jobs with a sit or stand option. However, DOT raises a presumption with regard to job classification that is rebuttable. Johnson v. Shalala, 60 F.3d 1428, 1434 (1995). "[A]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." Id. Here, the VE testified that both surveillance system monitors and telemarketer have sit/stand options. Because the demands of these jobs do not exceed the abilities the ALJ found the claimant to possess, the vocational expert explained that Standish could perform specific types of sedentary work; thus rebutting any presumption that she was precluded from performing jobs classified as sedentary by the DOT due to a sit/stand limitation. The court finds that there is persuasive evidence in the record of jobs in the national economy which will allow Standish to perform sedentary work with a sit/stand option. Accordingly, the court finds that the ALJ did not err in relying on the VE's testimony.

///

///

///

11 Findings and Recommendation

## IV. Failure To Consider Lay Testimony

Standish's final contention is that the ALJ committed reversible error when she did not consider the testimony of lay witness Delores Blankenbaker.

An ALJ is required to consider lay witness testimony in certain types of cases. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). When a claimant alleges pain or other symptoms that are not supported by the medical evidence in the file, the adjudicator shall obtain detaned descriptions of daily activities by directing specific inquiries about pain and its effect to third parties who would be likely to have such knowledge. Id. In Smolen, plaintiff's alleged disability was based on fatigue and pain. Id. Her medical records were sparse and did not provide adequate documentation of her symptoms. See id. Her friends and family members testified on her behalf at her hearing, and the ALJ rejected their testimony. Id.

However, the Ninth Circuit has noted that an ALJ "need not discuss *all* evidence presented. Rather, [she] must explain why 'significant probative evidence has been rejected.'" Vincent on Behalf of Vincent v. Hecker, 739 F.2d 1393, 1394-1395 (9th Cir. 1984)(emphasis in original)(internal citations omitted). In Vincent, the Ninth Circuit held that failure to discuss lay testimony did not require reversal. Id. at 1395.

12 Findings and Recommendation

Here, Ms. Blankenbaker, who is Standish's mother, completed a "Third Party Activities of Daily Living and Socialization" form in March 2003. (Tr. 156-67.) Ms. Blakenbaker's responses indicated that Standish had normal social interactions, had trouble walking, had problems sleeping and was able to cook simple meals for herself. (Tr. 156-67.) Ms. Blakenbaker explained that Standish was not employed because she "cannot work. Her back will not allow [her] to move much." (Tr. 166.)

Unlike the symptoms in <u>Smolen</u>, Standish's symptoms and medical impairments were very well documented in the records. More importantly, nothing in Ms. Blankenbaker's statement was contrary to the ALJ's finding. The statement mentioned that Standish was limited by her back pain and the ALJ's RFC finding specifically accounted for Standish's back pain. The statement made no mention of Standish's problems due to anxiety or depression.

While the ALJ perhaps should have discussed Ms. Blankenbaker's statement, the court finds that this omission does not require remand. Standish's symptoms were adequately developed in the medical records and Blackenbaker's statement was not probative of the issues that Standish alleges the ALJ erred in failing to consider-depression, anxiety and/or fatigue.

///

13 Findings and Recommendation

**CONCLUSION**

The court finds that the ALJ's decision is supported by substantial evidence in the record and that there has been no reversible error.

IT IS RECOMMENDED that the decision of the ALJ be affirmed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 10 days after service of the objections. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated this 12 day of July, 2007.

THOMAS M. COFFIN
United States Magistrate Judge

14 Findings and Recommendation